Case 2:22-cv-00201   Document 19   Filed on 10/07/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
October 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RON DUNN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 2:22-CV-00201 |
| | § | |
| DEBRA GIBBS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

For the reasons discussed below, the undersigned recommends that the civil rights action filed by Plaintiff Gilbert De Los Santos under 42 U.S.C. § 1983 case be DISMISSED without prejudice.

Gilbert De Los Santos ("De Los Santos") was one of four plaintiffs[1] who attempted to file a multi-party *pro se* prisoner civil rights lawsuit under 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff Dunn submitted an application for leave to proceed *in forma pauperis* ("IFP") (*see* Doc. Nos. 2, 3), but no other plaintiff did so.

To comply with the screening requirements of 28 U.S.C. § 1915, and for orderly management of the case, the undersigned ordered each plaintiff to submit an individual complaint, and either pay the full filing fee or submit an IFP application and inmate trust fund account statement, by October 11, 2022. (Doc. No. 6.) The Court warned that failing to comply with the Court's requirements would result in dismissal of any plaintiff's case for failure to prosecute or for failure to comply with the Court's orders. *Id.* at 3-4.

---

[1] The other plaintiffs were Ron Dunn, Steve Factor, and William Edwards. (Doc. No. 1, p. 1.)

In response to the undersigned's order, on September 28, 2022, De Los Santos filed a letter stating: "This letter is to inform the Court I will not be filing a Prisoner's Civil Rights complaint and In forma Pauperis pursuant to Magistrate Judge Neurock's Order (D.E. 6), in the above Cause Number.  Thank you."  (Doc. No. 16.)

A plaintiff may dismiss a case without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Here, De Los Santos has filed a letter that manifests his intent not to file a complaint or IFP request.  De Los Santos' letter should be construed as his notice of dismissal in this case.

The undersigned recommends that De Los Santos' letter be construed as a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and that De Los Santos' action be DISMISSED without prejudice.  *See also* Fed. R. Civ. P. 41(a)(1)(B).  This would leave Plaintiff Dunn as the only remaining plaintiff in this case, the other plaintiffs having now filed separate actions.

SIGNED on October 7, 2022.

_____
MITCHEL NEUROCK
United States Magistrate Judge

## NOTICE

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 days** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).